**The Deneau Law Firm, PLLC**
Kindra Deneau (AZ Bar No. 024156)
7135 E. Camelback Road, Suite 230
Scottsdale, Arizona 85251
Phone: (480) 306-5977
Fax: (602) 626-3504
www.deneaulaw.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JENNIFER SIEGEL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BURTON LIPPMAN LAW GROUP, P.C.; DOES I-10,<br><br>　　　　Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiff Jennifer Siegel, by and through her undersigned counsel and for her Complaint against Defendants, alleges as follows:

### JURISDICTION

1.  Plaintiff Jennifer Siegel is filing this lawsuit to seek recourse against the Defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.  Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.  Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this Complaint occurred here.

The Deneau Law Firm, PLLC

## PARTIES

5. Plaintiff Jennifer Siegel ("Plaintiff") is a single person residing in Gilbert, Arizona, and she is a "consumer" under 15 U.S.C. § 1692a(3).

6. Defendant Burton Lippman Law Group, P.C. ("Burton Group") is a professional Arizona corporation operating as a law firm and collection agency at 5447 E. 5th Street, Suite 249, Tucson, Arizona 85711, and is a "debt collector" under 15 U.S.C. § 1692a(6).

7. Does 1-10 are unknown agents or affiliates of Burton Group who participated in the FDCPA violations and whom Plaintiff may join to this lawsuit once their identities are revealed through the course of discovery.

## GENERAL ALLEGATIONS

8. Plaintiff allegedly owes an original creditor a debt ("Debt").

9. The Debt arose from goods or services which were primarily for family, personal or household purpose, which makes any collection of the Debt subject to the FDCPA under 15 U.S.C. § 1692a(5).

10. Burton Group purchased or took transfer or assignment of the Debt, or was hired by the owner of the Debt to collect against Plaintiff.

11. On or about August 17, 2012, Plaintiff received a call from Burton Group, and the caller identified himself as Jeff Mayer.

12. Mr. Mayer claimed that there had been a lawsuit filed against Plaintiff in San Marcos Justice Court in Chandler, Arizona on July 31, 2012, and that a process server had served the lawsuit already on Plaintiff.

13. Plaintiff informed Mr. Mayer that she had never received any service of process and asked him to provide her with the documentation related to the lawsuit. Mr. Mayer refused.

14. Mr. Mayer threatened that Burton Group and its attorneys were next going to immediately pursue wage garnishment against Plaintiff through her employer Bank of America if she did not immediately pay the Debt balance in full.

The Deneau Law Firm, PLLC

15. To further intimidate and scare Plaintiff, Mr. Mayer told Plaintiff she would lose her job if Burton Group proceeded with the wage garnishment under the "secure act," because she works for a bank and Burton Group would report the "judgment" to her credit by August 21, 2012 if she failed to pay off the Debt.

16. Mr. Mayer claimed that the Debt balance had spiked from a balance of approximately $1,000.00 up to $2,200.00 due to attorneys' fees and court costs, and demanded a lump sum of $1,506.00 to be paid by that afternoon.

17. Plaintiff asked Burton Group to e-mail or mail her copies of the Debt application with her signature, the lawsuit, and anything showing that the Debt was hers, and Mr. Mayer refused to do anything to comply with her request.

18. As part of the harassment, Mr. Mayer repeatedly insisted that Plaintiff turn over to him her debt card number and checking account information on the telephone.

19. Plaintiff called the San Marcos Justice Court and no lawsuit is pending against her.

20. Burton Group misrepresented that they had filed a lawsuit against her, that they had served Plaintiff by service of process, that there was a judgment against her, that Burton Group had incurred court costs, that they had the legal authority to immediately pursue garnishment, and that she could potentially lose her job as a result of the imminent wage garnishment.

21. Upon information and belief, no lawsuit to date has been filed by Burton Group against Plaintiff.

## COUNT ONE: VIOLATIONS OF THE FDCPA

22. Plaintiff incorporates each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

23. Defendants misrepresented the character, amount and legal status of the Debt in violation of 15 U.S.C. § 1692e(2).

The Deneau Law Firm, PLLC

24. Defendants threatened the Plaintiff with wage garnishment if the Debt was not paid in violation of 15 U.S.C. § 1692e(4).

25. Defendants claimed it had taken legal action and threatened to take legal action, without actually intending to do so in violation of 15 U.S.C. § 1692e(5).

26. Defendants communicated and/or threatened to communicate false and/or incomplete credit information to the credit bureaus on Plaintiff's credit in violation of 15 U.S.C. § 1692e(8).

27. Defendants employed false and deceptive means to collect the Debt in violation of 15 U.S.C. § 1692e(10).

28. Defendants failed to send the Plaintiff a validation notice in violation of 15 U.S.C. § 1692g(a).

29. Defendants violated numerous provisions of the FDCPA, and Plaintiff is entitled to be awarded statutory and actual damages for their illegal collection activities.

**COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

30. Plaintiff incorporates each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

31. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

32. The foregoing conduct constitutes the tort of intentional infliction of emotion distress under the laws of the State of Arizona.

33. As a result of the Defendants' intentional infliction of emotion distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

34. All acts of Defendants and its agents complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages for their conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests complete relief as follows:

A.  For judgment against Defendants;

B.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

C.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

D.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

E.  Actual damages from Defendants or all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial.

F.  Punitive Damages;

G.  For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341.

H.  For any other damages or remedies that are just and reasonable under the circumstances.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

RESPECTFULLY SUBMITTED this 29th day of October, 2012.

The Deneau Law Firm, PLLC

By: *(signed)* Kindra Deneau
Kindra Deneau, Esq.
*Counsel for Plaintiff*